<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4407**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ANTONIO LENARD BUEY,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:10-cr-00062-NCT-1)

Submitted:  January 22, 2013        Decided:  February 12, 2013

Before MOTZ, KING, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James E. Quander, Jr., QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant.  Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Lenard Buey pled guilty in accordance with a written plea agreement to distribution of cocaine base, 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i) (2006). Buey was sentenced to 190 months for the drug offense and sixty months, consecutive, for the firearm offense. He now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. Buey was advised of his right to file a pro se supplemental brief, but has not filed such a brief. We affirm.

Our review of the transcript of the Fed. R. Crim. P. 11 proceeding discloses that the district court fully complied with the Rule. The record supports the district court's finding that Buey entered a knowing and voluntary plea and that there was a factual basis for the plea.

Further, we conclude that the district court did not abuse its discretion in imposing sentence. See Gall v. United States, 552 U.S. 38, 51 (2007). The court correctly calculated Buey's Guidelines range, considered the relevant 18 U.S.C. § 3553(a) (2006) factors, and sufficiently explained the variance sentence. See United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). With respect to the court's explanation of the

2

sentence, the court stated that it would vary below the Guidelines range of 262-327 months for several reasons, including Buey's early cooperation with the United States, the statements at sentencing by Buey and his mother, and Buey's documented, exemplary performance of his prison job. The sentence accordingly is free of procedural error. Our review of the record convinces us, based on the totality of the circumstances, that the sentence is similarly free of substantive error. Thus, the court did not abuse its discretion in imposing the selected sentence.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Buey's convictions and sentence. This Court requires that counsel inform Buey, in writing, of the right to petition the Supreme Court of the United States for further review. If Buey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Buey.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

3

before the Court and argument would not aid the decisional process.

AFFIRMED